# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-01667

AARON GOODMAN,

    Plaintiff,

v.

ASSET ACCEPTANCE, LLC, and ENCORE CAPITAL GROUP, INC.,

    Defendants.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

On August 14, 2018, this Honorable Court entered an Order setting the Scheduling/Planning Conference for September 24, 2018, at 10:30 a.m. in front of Magistrate Judge Kathleen M. Tafoya ("Judge Tafoya") in Colorado Springs, Colorado. Dkt #21. The parties have jointly requested a telephonic hearing.

| | |
|---|---|
| Plaintiff is represented by: | Defendants are represented by: |
| James C. Vlahakis[1] | Jamie N. Cotter |
| Omar T. Sulaiman | Spencer Fane LLP |
| Sulaiman Law Group, Ltd. | 1700 Lincoln Street |
| 2500 S. Highland Avenue, Suite 200 | Suite 2000 |
| Lombard, IL 60148 | Denver, CO 80203 |
| (630) 581-5456 | (303) 839-3826 |
| jvlahakis@sulaimanlaw.com | jcotter@spencerfane.com |
| osulaiman@sulaimanlaw.com | |

---

[1] Counsel for Plaintiff apologizes for filing this a day late, but notes that he was dealing with a family emergency.

## 2. STATEMENT OF JURISDICTION

Federal jurisdiction exists pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").

## 3. STATEMENT OF CLAIMS AND DEFENSES

**Plaintiff.** Plaintiff brings this class action pursuant to the FDCPA to redress false and deceptive statements contained in a Collection Letter dated June 1, 2018, that was sent by Asset to a Colorado address associated with Plaintiff in an attempt to collect on a time-barred debt purportedly owned by one or both of the Defendants. In relevant part, the Collection Letter reads: "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it . . . ." In reality, under Colorado law, Defendants *cannot sue* Plaintiff to collect the subject debt. Plaintiff contends that the Collection Letter should have informed Plaintiff that Defendants "cannot sue" him. As a result of this language, Plaintiff alleges that the Collection Letter violates Section 1692e(2) of the FDCPA because the language "we will not sue you for it" falsely represents the character and legal status of the Subject Debt because the statute of limitations has expired and the letter fails to explain this fact. Plaintiff also alleges that the Collection Letter violates Section 1692e(10) of the FDCPA because the quoted language is a deceptive communication. The language is deceptive, because again, it fails to note that the debt is time-barred.

**Defendants.** Defendants deny that the Collection Letter violates the FDCPA. The Collection Letter does not falsely represent the character and legal status of debt; instead, it truthfully represents the character and legal status of the debt. The language contained in the Collection Letter is legally permissible under case law and guidance from the Consumer Financial Protection Bureau. The dispute in this case is purely a legal dispute regarding whether

the words "will not" or "cannot" should have been used in the Collection Letter.

## 4. UNDISPUTED FACTS

1. The Collection Letter referenced in the Complaint was sent to Plaintiff from Asset.

2. Asset is a subsidiary of Encore.

## 5. COMPUTATION OF DAMAGES

Plaintiff will claim up to $1,000 in statutory damages pursuant to Section 1692k of the FDCPA.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. **Date of Rule 26(f) meeting.**

   September 2, 2018.

b. **Names of each participant and party he/she represented.**

   James C. Vlahakis for Plaintiff and Jamie N. Cotter on behalf of Defendants.

c. **Rule 26(a)(1) disclosures were made or will be made**.

   September 17, 2018.

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

   None.

e. **Statement concerning any agreements to conduct informal discovery.**

   None.

f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

   None at this time, but the parties will consider appropriate measures as they may arise.

g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties do not believe that this case will involve extensive electronically stored information other than data related to the recipients and dates of similarly worded collection letters. Defendants have taken steps to preserve this electronically stored information.

**h.     Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have engaged in preliminary discussions regarding the possible resolution of this case, but have not made any demands or offers at the time of the filing of this Scheduling Order.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

**a.     Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

**3 depositions including experts per side and 25 interrogatories per side.**

**b.     Limitations which any party proposes on the length of depositions.**

**Shall not exceed 7 hours.**

**c.     Limitations which any party proposes on the number of requests for production and/or requests for admission.**

**25 per side.**

**d.            Other Planning or Discovery Orders**

None.

## 9. CASE PLAN AND SCHEDULE

**a.     Deadline for Joinder of Parties and Amendment of Pleadings.**

September 24, 2018.

**b.     Discovery Cut-off.**

December 28, 2018.

    **c.**    **Dispositive Motion Deadline.**

January 25, 2019.

    **d.**    **Expert Witness Disclosure**

        **1.**    **The parties shall identify anticipated fields of expert testimony.**

            None at this time.

        **2.**    **Limitations which the parties propose on the use or number of expert witnesses.**

            None at this time.

        **3.**    **The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2)  N/A.**

        **4.**    **The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) N/A. [This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]**

    **e.**    **Identification of Persons to Be Deposed.**

Plaintiff and a corporate deponent for Defendants. Potentially an additional fact witness for each party.

    **f.**    **Deadline for Interrogatories.**

November 28, 2018.

    **g.**    **Deadline for Requests for Production of Documents and/or Admissions.**

November 28, 2018.

## 10. DATES FOR FURTHER CONFERENCES

A final pretrial conference will be held in this case on April 29, 2019 at 9:45 a.m.  A **Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference**.

## 11. OTHER SCHEDULING MATTERS

**a.     Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None.

**b.     Anticipated length of trial and whether trial is to the court or jury.**

No more than two days.  A jury trial has been demanded by Plaintiff.

**c.     Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439.**

None at this time.

## 12. NOTICE TO COUNSEL

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Colorado Springs, Colorado, this 24th day of September, 2018.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

/s/ *James C. Vlahakis*
James C. Vlahakis
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 581-5456 (direct)
Fax: (630) 575-8188
jvlahakis@sulaimanlaw.com
Attorney for Plaintiff, Aaron Goodman

/s/ *Jamie N. Cotter*
Jamie N. Cotter
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203
303.839.3826
jcotter@spencerfane.com
Attorney for Defendants