## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 18-cv-01667-RM-KMT

AARON GOODMAN,

      Plaintiff,

v.

ASSET ACCEPTANCE LLC and ENCORE CAPITAL GROUP, INC.,

      Defendants.

---

## ORDER

---

Plaintiff brings this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, asserting Defendants violated the act when they sent a letter seeking to collect an alleged debt which was time-barred. The matter is now before the Court on Defendants' Motion for Summary Judgment (the "Motion") (ECF No. 41) seeking an order in their favor on this action. The Motion is now fully brief. Upon consideration of the Motion, the relevant court records, and the applicable law, and being otherwise fully advised, the Court finds and orders as follows.

### I.      BACKGROUND

Plaintiff Aaron Goodman is in the masonry business and has been for more than 22 years. In 2001, Plaintiff obtained a Gordon's Jewelers Citibank credit card and purchased something in that store (the "Loan").[1] At some point in time, the Loan was sold to Defendants.

---

[1] Plaintiff cannot say whether he did or did not obtain a credit card and made a purchase at Gordon's Jewelers. He has no recollection of doing so. He does not, however, challenge whether he is the debtor/consumer on the Loan. Indeed, the complaint is premised on allegations that Plaintiff is a debtor/consumer.

In January 2012, Defendants entered into a Consent Decree with the Federal Trade Commission ("FTC") where, among other things, Defendants agreed to make the following disclosure when collecting on debt where the debt is past the date for obsolescence under the Fair Credit Reporting Act, 15 U.S.C. § 1681c: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it, and we will not report it to any credit reporting agency." *U.S. v. Asset Acceptance, LLC*, Consent Decree, No. 8:12-cv-00812-T-27EAJ (M.D. Fla. Jan. 31, 2012), ECF No. 5, p. 13.

In March 2013 Defendants sent Plaintiff a collection letter. In the letter, as required by the Consent Decree, the following disclosure was made: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it, and we will not report it to any credit reporting agency." (ECF No. 41-5.) Plaintiff took no action on the letter. He put it in his desk and essentially forgot about it until *after* he filed this lawsuit. This letter is *not* the one complained of in this case.

In September 2015, Defendants entered into a Consent Order with the Consumer Financial Protection Bureau ("CFPB"). *In the Matter of Encore Capital Group, Inc.*, Administrative Proceeding No. 2015-CFPB-0022, found at https://www.consumerfinance.gov/policy-compliance/enforcement/actions/encore/ (last visited December 13, 2019) ("Consent Order"). Pursuant to the Consent Order, Defendants agreed to include the following statement for consumer accounts where the debt is time-barred and generally cannot be included in a consumer report: "The law limits how long you can be sued on a debt and how long debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau." (Consent Order, pp. 38-39.)

In June 2018, Defendants sent Plaintiff the collection letter (the "Letter") at issue. In that

Letter, as required by the Consent Order, Defendants made the following disclosure (the "Disclosure"): "*The law limits how long you can be sued on a debt and how long debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau.*" (ECF No. 41-6 (italics in original).) When Plaintiff received this letter, he was upset by its age, looked up the statute of limitations, believed the statute had run, and contacted a lawyer. Plaintiff made no payment nor did he make any promise to make any payment. Plaintiff does not contend, nor could he, that Defendants sued him or threatened to sue him if he did not pay the Loan.

Based on the Letter, Plaintiff filed this lawsuit asserting two claims under Section 1692e of the FDCPA. The second claim is identified as a class action claim but no motion has ever been filed to certify any class. Defendants have moved for summary judgment alleging Plaintiff cannot show they violated the FDCPA.

## II.     LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569–70 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000); *Carey v. United States Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987). Once the moving party meets its initial burden of demonstrating an absence of a genuine dispute of material fact, the burden then shifts to the nonmoving party to demonstrate the existence of a genuine dispute of

material fact to be resolved at trial.  *See 1-800-Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1242 (10th Cir. 2013) (citation omitted).  "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citation omitted).  The facts, however, must be considered in the light most favorable to the nonmoving party.  *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013) (citations omitted).

### III.    ANALYSIS

#### A.  Elements of the FDCPA Claim

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors."  15 U.S.C. § 1692(d).  In order to establish his claim under the FDCPA, Plaintiff must prove the following:

(1) Plaintiff is a "consumer" under 15 U.S.C. § 1692a(3);

(2) The "debt" arises out of a transaction entered into primarily for personal, family, or household purposes, 15 U.S.C. § 1692a(5);

(3) Defendants are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6); and

(4) Defendants violated a provision of 15 U.S.C. § 1692e.

*See Rhodes v. Olson Associates, P.C.*, 83 F. Supp. 3d 1096, 1103 (D. Colo. 2015) (citation omitted).  In this case, Defendants contend Plaintiff cannot establish the second and fourth requirements, i.e., that the Loan was entered "primarily for personal, family, or household purposes" or that the Disclosure violated Section 1692e.

#### B.  "Primarily for personal, family, or household purposes"

The FDCPA requires that the "debt" in question be entered "primarily for personal,

family, or household purposes." Plaintiff essentially raises two arguments as to why summary judgment should not be granted on this issue.

First, Plaintiff argues the FDCPA encompasses claims brought by individuals who are falsely alleged to owe a debt and *Loja v. Main St. Acquisition Corp.*, 906 F.3d 680 (7th Cir. 2018) "requires" courts to adopt a liberal interpretation of what is a "consumer debt." This argument is a nonstarter. The first part of Plaintiff's argument is self-evident, but irrelevant, because under § 1692a(3) a "consumer" is "a natural person obligated or *allegedly obligated* to pay any debt." (Emphasis added.) The second part of Plaintiff's argument is also inapposite. A decision by the Seventh Circuit imposes no requirements on *this* Court and, further, *Loja* addressed the sufficiency of pleading whether plaintiff was a "consumer," not consumer debt. Thus, this argument fails.

Second, Plaintiff asserts that whether a financial transaction is commercial or personal is fact-specific and the facts are to be examined as a whole, citing to *Bloom v. I.C. System, Inc.*, 972 F.2d 1067 (9th Cir. 1992). The Court agrees and, as the cases Plaintiff cites indicate, a court should consider factors such as the borrower's purpose in obtaining the loan or credit; the borrower's use of the funds or of the item purchased; whether the credit was incurred in the consumer's personal capacity with his home address where the consumer did not use his personal credit cards for business expenses because he had a company issued credit card; and whether the obligation was paid from personal funds. *See, e.g., Bloom*, 972 F.2d at 1068; *Hepsen v. J.C. Christensen & Assocs., Inc.*, No. 8:07-cv-1935-T-EAJ, 2009 WL 3064865, at *3-4 (M.D. Fla. Sept. 22, 2009); *Hansen v. Ticket Track, Inc.*, 280 F. Supp. 2d 1196, 1203-04 (W.D. Wash. 2003). The question presented is whether Plaintiff's evidence is sufficient to create a triable

issue of fact.[2]

Here, the evidence shows the Loan was for a purchase from a jewelry store, Gordon's Jewelers; the borrower is stated to be "Aaron Goodman," Plaintiff; Plaintiff works in the masonry business; and Plaintiff has no recollection of buying any jewelry. Considering the evidence in a light most favorable to the nonmovant, the Court could not say that no reasonable jury could infer that any purchase was for a consumer as opposed to commercial purchase.[3] Accordingly, Defendants' motion for summary judgment on the basis that the Loan in question was not a "debt" under the FDCPA is denied.

## C. "Will not" versus "Cannot" and Revival Disclosure

### 1. *Standards by which to evaluate the claims*

Under 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." The majority of courts evaluate FDCPA claims under an objective "least-sophisticated-consumer" standard. *See, e.g., Ferree v. Marianos*, 129 F.3d 130, at *1 (10th Cir. 1997) (unpublished table decision); *Fouts v. Express Recovery Servs., Inc.,* 602 F. App'x 417, 421 (10th Cir. 2015); *Hamilton v. Capio Partners, LLC*, 237 F. Supp. 3d 1109, 1113 (D. Colo. 2017) (collecting cases). Under this standard, "'[t]he test is how the least sophisticated consumer – one not having the astuteness of a

---

[2] Plaintiff also argues, cursorily, the Court should conclude the Loan constitutes a consumer debt but Plaintiff has not moved for summary judgment.

Plaintiff also relies on arguments and cases concerning debts incurred as a result of identity theft which the Court finds unpersuasive. There are no allegations – or any evidence – of any identity theft as it relates to this Loan. Thus, the Court need not reach the issue of whether, for example, it would agree with *Collins v. Portfolio Recovery Assocs.*, *LLC*, No. 2:12-CV-138, 2013 WL 9805805 (E.D. Tenn. June 7, 2013). The *Collins* court found that, "where the consumer lacks knowledge of the exact nature of the charges on an account due to alleged identity theft…the alleged obligation on a consumer account will nonetheless constitute a 'debt' for purposes of the FDCPA analysis." 2013 WL 9805805, at *4. Regardless, even where there is identity theft, Plaintiff concedes the complainant must produce "*some* evidence showing the debt is consumer in nature." (ECF No. 52, p. 9 (emphasis in original).) Indeed, the FDCPA specifically provides the consumer must prove the debt is consumer in nature.

[3] For example, from the evidence, it is unclear to the Court whether the parties consider a watch to be "jewelry" and, concomitantly, whether a watch would be a consumer as opposed to a commercial purchase, e.g., for use in Plaintiff's masonry business.

'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer –

understands the notice he or she receives" from the debt collector. *Ferree*, 129 F.3d 130, at *1

(quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996)). This consumer "'can be

presumed to possess a rudimentary amount of information about the world and a willingness to

read a collection notice with some care.'" *Ferree*, 129 F.3d 130, at *1 (quoting *Clomon v.

Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)).

In addition, although not expressly decided by the Tenth Circuit, the parties agree that, to

be actionable, the representations must not only be false, deceptive, or misleading but also

material. *See Maynard v. Cannon*, 401 F. App'x 389, 396 (10th Cir. 2010) ("The FDCPA does

not result in liability for every statement later alleged to be inaccurate, no matter how small or

ultimately harmless.").

The parties agree that the application of the standard is a question of law appropriate for

summary judgment, at least in this case. The Court agrees. *See Fouts*, 602 F. App'x at 423

(affirming district court's grant of summary judgment to debt collector alleged to have violated

the FDCPA).

### 2. *The arguments*

Plaintiff's arguments that Defendants violated Section 1692e are two-fold.[4]  First, by

stating in the Letter that Defendants "will not" sue Plaintiff when they allegedly should have said

---

[4] Plaintiff raises a few other arguments: Defendants allegedly must demonstrate which statute of limitation applies and whether the Loan is in fact time-barred; if the Loan is not time-barred, the Letter stating the Loan is time-barred violates the "TCPA"; and that Defendants have failed to "properly identified the grounds for which they seek judgment in their favor." (ECF No. 52, e.g., pp. 2-3.) Such arguments are without merit. In summary, much of these arguments are cursory. Further, the Court finds Defendants have sufficiently identified the grounds for summary judgment and they are based on *Plaintiff's* allegations in his complaint on which he sought relief. For example, Plaintiff alleged that the Letter is misleading because *Colorado's* six-year statute of limitations had *expired* and argued *Drake v. Tyner,* 914 P.2d 519, 522 (Colo. App. 1996) applied. (ECF No. 1, e.g., ¶¶ 11, 13, 14, 116, 118, 134.) Moreover, Plaintiff also testified, and stated in the Final Pretrial Order, that collection on the Loan was time-barred (ECF No. 41-4, 97:18-97:25; ECF No. 61, pp. 2-3).

they "cannot" sue him.  That "will not" is deceptive and misleading because after the statute of limitations has run, Defendants cannot "*lawfully*" sue a consumer.  (ECF No. 52, p. 2 (emphasis in original).)  Defendants counter their statement was neither false nor material and, further, was required by the CFPB and FTC consents.

Second, Plaintiff asserts Defendants' failure to include a revival disclosure in the Letter, i.e., to advise in the Letter that partial payment or a promise to pay would restart the relevant statute of limitations, violated the FDCPA.  Defendants counter the FDCPA is a comprehensive statutory scheme which does not require any revival disclosure language; they are not required to give legal advice concerning any statute of limitations revival; and including such language would be false and misleading due to Defendants' contrary policies and practices.

The parties cite to a number of cases in support of their respective positions, none of which are controlling.  The Tenth Circuit has not decided the issue and the Court's review of numerous cases shows the courts have split on the issues, with some courts agreeing with Plaintiff's position while others agreeing with Defendants' position.  *See, e.g., Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001) ("[I]n the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid."); *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 684 (7th Cir. 2017) (finding dunning letter deceptive where, *inter alia*, it "does not even hint, let alone make clear to the recipient, that if he makes a partial payment or even just a promise to make a partial payment, he risks loss of the otherwise ironclad protection of the statute of limitations").  Upon review of many cases, the Court agrees with Defendants that the Letter does not violate the FDCPA.

First, the Court finds that Defendants' use of the word "will not" rather than "cannot," in

context, is not misleading.  The Court agrees with the *Elston* court that the Letter's disclosure

concerning the staleness of the debt was not misleading because it "uses basic language (1) that

conveys the substance of the underlying legal concept and (2) clearly informs the consumer that

the [d]efendants will not sue them based on the age of the debt."  *Elston v. Encore Capital*

*Group, Inc.*, 18-cv-0071-TOR, 2019 WL 3037054, at *5 (E.D. Wash. July 11, 2019) (collecting

cases).  Further, as stated by Senior Judge Marcia S. Kreiger of this District in the supplemental

authority filed by Defendants, "[e]ven the least sophisticated consumer would conclude that this

unambiguous language means what it says—that [defendant] will not, and moreover *cannot*,[5] sue

[plaintiff on] his debt."  *Will v. Portfolio Recovery Associates, LLC*, No. 18-cv-02790-MSK-

KMT, 2019 WL 4674352, at *4 (D. Colo. Sept. 24, 2019) (emphasis added); *see Genova v. Total*

*Card, Inc.*, 193 F. Supp. 3d 360, 368 (D.N.J. 2016) (no misrepresentation of legal status of debt

where debt collector used language similar to that at issue here); *Stimpson v. Midland Credit*

*Mgmt., Inc.*, -- F.3d -- , 2019 WL 6885508, at *4 (9th Cir. 2019) (reviewing identical language as

at issue here and finding "the least sophisticated debtor would understand the letter's disclosure

to mean that Midland cannot take a legal action to collect the debt.").  In other words, because of

the age of the debt, the debt collector will not sue the consumer.  Such words were not false,

misleading, or deceptive.  *See Stimpson*, 2019 WL 6885508, at *4 (finding consumer would not

be misled or deceived by such language); *Buchanan v. Northland Group, Inc.*, 776 F.3d 393, 400

(6th Cir. 2015) (Finding plaintiff plausibly stated FDCPA claim but suggesting, in dicta, that a

---

[5] By "cannot," *this* Court is referring to the fact that while the time-barred debt continues to exist the remedy is extinguished.  *Ramsey's Estate v. State Dep't of Revenue,* 42 Colo. App. 163, 167, 591 P.2d 591, 595 (1979) ("While the statute of limitations may cause the remedy on a debt to be lost, it does not extinguish the debt."); *Will*, 2019 WL 4674352, at *4 (collecting cases).  Technically, a debt collector could file a time-barred suit, but such suit may be subject to a statute of limitations defense and to the contention that the suit itself violates the FDCPA.  *See Midland Funding, LLC  v. Johnson*, -- U.S. --, 137 S. Ct. 1407, 1411-12, 197 L. Ed. 2d 790 (2017) (recognizing expiration of statute of limitations as affirmative defense and that debt may still exist even if time-barred); *Pantoja*, 852 F.3d at 683 (Stating it believes it is well settled that "a debt collector violates the [FDCPA] by suing to collect a consumer debt" that is time-barred. (collecting cases)).

debt collector could correct possible misimpressions by unsophisticated consumers about the statute of limitations through the use of this language: "The law limits how long you can be sued on a debt. Because of the age of your debt, [defendant] will not sue you for it…."); *Holzman v. Malcolm S. Gerald & Assocs., Inc.*, 920 F.3d 1264, 1272-73 (11th Cir. 2019) (same).[6]

The Court's finding is supported by the fact that the "will not" language was consented to by the FTC and CFPB, regulatory bodies with enforcement authority over the FDCPA. *See* 15 U.S.C. § 1691*l*(a) (FTC authorized to enforce compliance with FDCPA) & 15 U.S.C. § 1691*l*(d) (CFPB may prescribe rules over the collection of debts by debt collectors). While such consent decrees are not binding or controlling, and are the result of compromises, they nonetheless assist the Court in making an informed decision that the language complained of is not misleading. *See, e.g., Elston*, 2019 WL 3037054, at *5 (finding persuasive that the two agencies tasked with oversight support the language used, i.e., "we will not sue you"); *Genova*, 193 F. Supp. 3d at 367-68 (giving deference to CFPB and FTC's endorsement of cautionary language used in defendant's letter).

Next, the Court finds Defendants were not required to make a revival disclosure, i.e., in the absence of such disclosure, the Letter was not false, deceptive, or misleading. Plaintiff's revival disclosure argument relies on *Drake v. Tyner*, 914 P.2d 519, 522 (Colo. App. 1996), asserting that "[i]t is possible to toll a time-barred debt under Colorado law." That, however, is not true. In Colorado, "[i]n the case of a single debt *not yet barred by the statute of limitations*, partial payment alone tolls the statute of limitations." *Drake*, 914 P.2d at 522 (emphasis added). But, in the case "where there is one debt and payment is made *after the limitations period has expired*, the debtor's *intent to revive* the debt must be *clear and unequivocal* so as to indicate the

---

[6] In light of the Court's finding, it need not consider Defendants' argument about whether the Consent Decree and Consent Order provide Defendants a safe harbor under 15 U.S.C. § 1692k(e).

debtor's willingness and obligation to pay the debt in question." *Drake*, 914 P.2d at 522
(emphasis added). Here, the statute of limitations has run. Thus, contrary to Plaintiff's
argument, the statute of limitations it not tolled; nor is the statute of limitations revived simply
by partial payment alone.

Moreover, as the language stands, it does not deceive or mislead the unsophisticated
consumer about the enforceability of the debt, i.e., that the debt is time-barred. Nor is there any
"offer to settle," which some of courts have relied on to support a revival disclosure requirement,
*see, e.g., Pantoja*, 852 F.3d at 683-85. Instead, Defendants said they would not sue – and they
did not. Under such facts and circumstances, the Court finds no revival disclosure is required.
*See Elston*, 2019 WL 3037054, at *6 (finding, in order to comply with the FDCPA, defendant
need not include disclosure of risk of partial payment where partial payment or a promise to pay
does not, alone, revive the debt); *Will*, 2019 WL 4674352, at *6 (finding no violation of 15
U.S.C. § 1692f based on plaintiff's allegation that collection letter failed to inform him that,
under Colorado law, partial payment or promise to pay may restart statute of limitations).

There is another reason why the Court finds no disclosure is required. While a number of
courts have required debt collectors to make such a disclosure, and many under facts
distinguishable from the case at hand, they have not stated what such disclosure language could
or should be. *See Pantoja*, 852 F.3d at 685-86 ("We will not attempt to prescribe exact language
for debt collectors to use when writing such letters [concerning the revival of the statute of
limitations], but the language would need to be clear, accessible, and unambiguous to the
unsophisticated consumer."); *Smothers*, 2016 WL 7485686, at *3 (stating court believes a revival
disclosure "could be drafted in such a way as to make consumers" aware of risks of paying stale
debt "without confusing them" but declining to indicate what language would be non-confusing).

But, there lies the problem.

As the Seventh Circuit recognized in *Pantoja*, depending on a state's statute of

limitations, "there can be room for disagreement" about the precise scope of a state's statute of

limitations and how it applies. *Pantoja*, 852 F.3d at 685. Thus, what should a debt collector say

and how do they say it "clear[ly], accessibl[y], and unambiguous[ly]" to and "without confusing"

the least sophisticated consumer? And, to the satisfaction of every jurisdiction? And, without

running afoul of an allegation that *this* disclosure – the revival disclosure – is false, deceptive, or

misleading? Such questions lead the Court to conclude that, although not misleading, whether

additional disclosure should nonetheless be required and what language would serve as a

sufficient-but-not-confusing disclosure are best left in the hands of the legislators.

As Defendants argue, the FDCPA sets forth certain disclosures which must be made to a

consumer and outlines what such statements must be. *See* 15 U.S.C. § 1692e(11) (disclosure that

debt collector is attempting to collect a debt) & 15 U.S.C. § 1692g(a)(3)-(a)(5) (statements which

must be contained in written notice to consumer). The FDCPA does not require a revival

disclosure but the CFPB is considering prescribing rules addressing such disclosures.[7] These

facts and factors lead the Court back to its finding that no judicially created revival disclosure is

required here. *See Stimpson*, 2019 WL 6885508, at * 5 (recognizing that Congress required debt

collectors to provide certain specific statements to debtors but nothing in the FDCPA required

debt collectors to make revival disclosures). In summary, the statements were – and are – true

---

[7] The CFPB is apparently considering proposed regulations providing that debt collectors cannot sue or threaten to sue on time-barred debts and evaluating "what disclosures, if any, would be effective and appropriate relating to debt that is time barred." CFPB Director Kathleen L. Kraninger's Speech at the Debt Collection Town Hall at https://www.consumerfinance.gov/about-us/newsroom/cfpb-kathleen-l-kraninger-speech-debt-collection-town-hall/ (last visited Dec. 12, 2019); https://www.federalregister.gov/documents/2019/05/21/2019-09665/debt-collection-practices-regulation-f (proposed amendments to Regulation F, 12 CFR Part 1005, implementing the FDCPA, published May 21, 2019) (last visited Dec. 12, 2019); https://files.consumerfinance.gov/f/documents/cfpb_debt-collection_fmg-summary-report.pdf (FMG summary of debt collection validation notice research, using "will not" and "cannot" in their research on consumer confusion regarding time-barred debts) (last visited Dec. 12, 2019).

and not misleading in this case and the Court finds no further duty to disclose.[8, 9]  Indeed, Plaintiff was not deceived or misled.

As stated, the Court recognizes that a number of courts have reached a contrary decision concerning whether "will not" is misleading and, intertwined with that issue, whether a revival disclosure was required.  But, the Court finds them distinguishable or unpersuasive.

For example, Plaintiff argues the Court should follow *Pierre v. Midland Credit Mgmt.*, *Inc.*, No. 16 C 2895, 2018 WL 723278, at *4-5 (N.D. Ill. Fed. 5, 2018), which was bound by the Seventh Circuit's decision in *Pantoja*.  *Pantoja* found "will not" misleading and a revival disclosure required under very different facts.  There, the collection letter offered to "settle" a time-barred debt and stated the following: "Because of the age of your debt, we will not sue you for it and we will not report it to any credit reporting agency."  This disclosure adopted – but only in part – language from a consent decree between the FTC and another debt collector.  The defendant *omitted* the language that "[t]he law limits how long you can be sued on a debt."  The Seventh Circuit found this omission to be "careful and deliberate ambiguity" which was "chosen to obscure from the debtor that the law prohibits the collector from suing to collect this debt or even from threatening to do so." *Pantoja*, 852 F.3d at 687.  And that such language was chosen with "the expectation that at least some unsophisticated debtors will misunderstand and will choose to pay on the ancient, time-barred debts because they fear the consequences of not doing so," *id.*, and, thus, trigger the revival of the statute of limitations.

---

[8] Plaintiff's argument about what happened with another debtor – that he was sued despite an agreement not to do so – is a red herring.  That is NOT at issue in this case – as stated, Defendants did not sue.  Here, the issue is which word, read in context, is or is not misleading in light of the statute of limitations – "will not" versus "cannot." *See Cooper v. Midland Credit Mgmt., Inc.*, No. 4:18-cv-82 (CDL), 2018 WL 6517448, at *3 (M.D. Ga. Dec. 11, 2018) (recognizing that if defendant did renege on its promise not to sue, recalculated the statute of limitations, and sued or sold the debt to someone who did sue, consumer would then have a claim under the FDCPA), *appeal docketed*, No. 19-10120 (11th Cir. Jan. 10, 2019).

[9] In light of the Court's finding, it need not consider Defendants' argument about their, undisclosed, internal policy not to restart the clock on the statute of limitations.

Those are not the facts here. The Letter in this case does not offer to "settle" the Loan as if it was not time-barred. *Smothers v. Midland Credit Mgmt., Inc.*, No. 16-2202-CM, 2016 WL 7485686, at *4 (D. Kan. Dec. 29, 2016) (recognizing that many cases involved the "settlement" of the debt, which was a critical factor in those courts' opinions) (collecting cases). The Letter plainly states – verbatim – what the Seventh Circuit found to be glaringly, and intentionally, omitted: "The law limits how long you can be sued on a debt…." The Seventh Circuit was concerned the consumer would risk the loss of the protection of the statute of limitations or would face a potential lawsuit if the consumer made or promised to make a partial payment but such concern appears premised on the proposition the debt collector would sue when it affirmatively represented it would not do so. Thus, the debt collector's representation that it "will not" sue would, in fact, be false. The Letter here, however, plainly says Defendants "will not" sue and disclosed why it would not do so: the debt was time-barred. And, further, Defendants did not sue. Thus, the allegations and facts here are distinguishable. And, *Pantoja's* premise unsupportable.

In summary, the Court finds the Letter is not only technically accurate but also not deceptive or misleading.

## IV.    CONCLUSION

Plaintiff claims the Letter misleads an unsophisticated consumer in violation of the FDCPA; the Court finds otherwise. It is therefore **ORDERED**

(1) That Defendants' Motion for Summary Judgment (ECF No. 41) is GRANTED;

(2) That the Clerk shall enter final judgment in favor of Defendants and against Plaintiff;

(3) That Defendants are awarded costs and shall, within 14 days of the date of this Order, file a bill of costs, in accordance with the procedures under Fed. R. Civ. P. 54(d)(1)

and D.C.COLO.LCivR 54.1, which shall be taxed by the Clerk; and

(4) That the Clerk shall close this case.

DATED this 20th day of December, 2019.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge